**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PROGRESSIVE HEALTH AND
REHAB CORP.,**

      **Plaintiff,**

                                    **Civil Action 2:23-cv-1936**

  **v.**                           **Chief Judge Algenon L. Marbley**

                                      **Magistrate Judge Elizabeth P. Deavers**

**ALTUS DIRECT HEALTHCARE,
LLC,**

      **Defendant.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of Plaintiff Progressive Health and

Rehab Corp.'s Motion for Leave to File a Second Amended Complaint.  (ECF No. 27.)

Defendants Altus Direct Healthcare LLC ("Altus") and Abdirahim Rashid ("Rashid") filed a

Response.  (ECF No. 32.)  Plaintiff did not file a Reply.

Plaintiff originally filed its purported Class Action Complaint on June 12, 2023, alleging

that Defendant Altus had violated the Telephone Consumer Protection Act of 1991, as amended

by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("TCPA").  (ECF No. 1.)  On August 3,

2023, Plaintiff filed a First Amended Class Action Complaint naming Rashid as an additional

Defendant.  (ECF No. 7.)  Defendants filed a Motion to Dismiss directed to the First Amended

Class Action Complaint on September 25, 2023.  (ECF No. 24.)

Plaintiff now seeks to file a Second Amended Complaint, explaining its intention to add

allegations inadvertently omitted from its First Amended Complaint concerning Defendant

Rashid's involvement in the fax advertising campaign.  Defendants object to the filing of the

Second Amended Complaint on the basis of futility, contending that Plaintiff's proposed

additional allegations are speculative and conclusory.  Relatedly, Defendants contend that Plaintiff lacks any good faith basis for asserting Defendant Rashid's personal involvement in Altus's alleged TCPA violations such that the proposed amendment has been brought in bad faith. Defendants have attached to their Response Defendant Rashid's Declaration explaining his lack of responsibility for Altus's marketing activities.

Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  While futility can constitute sufficient grounds to deny leave to amend, the Court is not persuaded that denying leave to amend is appropriate at this time.  Because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim," this Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on such a motion.  *See, e.g., Lauren v. PNC Bank, N.A.*, No. 2:14–cv–0230, 2014 WL 1884321, at *3 (S.D. Ohio May 12, 2014) (recognizing the "conceptual difficulty presented"), and 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

In light of this procedural impediment, the Court concludes that the better course is to permit Plaintiff to file its Second Amended Complaint under Rule 15's liberal standard, with the understanding that Defendants are free to challenge Plaintiff's claims by way of a motion to dismiss.  *See Lauren*, 2014 WL 1884321, at *3 ("[I]t is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *see also Coleman v. Caliber Home Loans, Inc.*, No.

2

2:14–cv–243, 2014 WL 6821163, at *3 (S.D. Ohio Dec. 3, 2014) (granting motion for leave to amend where "[r]esolution of the specific challenges to plaintiffs' claims are, in this Court's estimation, better left for consideration by the District Judge in the context of a renewed motion to dismiss").

This remains so despite Defendants' related argument that the proposed amendment has been brought in bad faith.  As noted, Rashid previously was added as a Defendant by operation of Plaintiff's First Amended Complaint filed on August 3, 2023.  (ECF No. 7.)  As further noted, Defendants have moved to dismiss the First Amended Complaint as to Defendant Rashid for failure to state a claim, raising similar arguments to those raised in its Response here.  (ECF No. 24.)  Under the circumstances, this related challenge also is better left for consideration by the District Judge in the context of a renewed motion to dismiss.  *Coleman,* 2014 WL 6821163, at *3

Accordingly, for good cause shown, Plaintiff's Motion for Leave to File a Second Amended Complaint, (ECF No. 27), is **GRANTED** pursuant to Federal Rule of Civil Procedure 15.  The Clerk is **DIRECTED** to detach and file the Second Amended Complaint attached to the Motion.  (ECF No. 27-1.)

**IT IS SO ORDERED.**

Date: November 20, 2023                    ___/s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE